# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-966V
### Filed: March 5, 2018
### UNPUBLISHED

ROWENA ADCOX,

                        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 18, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries to include a shoulder injury related to vaccine administration ("SIRVA") after receiving the influenza vaccine in her left deltoid on October 11, 2016. Petition at 1, ¶¶ 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 23, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On March 5, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $80,000.00. Proffer at 2. In the Proffer, respondent represented that petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $80,000.00 in the form of a check payable to petitioner, Rowena Adcox.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____

)
ROWENA ADCOX, )
)
Petitioner, ) No. 17-966V   ECF
)
v. ) Chief Special Master Dorsey
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
Respondent. )
_____ )

## PROFFER ON AWARD OF COMPENSATION[1]

### I.     Procedural History

On July 18, 2017, Rowena Adcox ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  She alleges that, as a result of receiving the influenza ("flu") vaccine on

October 11, 2016, she suffered from a left shoulder injury related to vaccine administration

("SIRVA").  Petition at 1-2.  On January 23, 2018, respondent filed his Vaccine Rule 4(c) report,

conceding causation-in-fact for a SIRVA to petitioner's left arm.  On January 23, 2018, the Chief

Special Master issued a ruling on entitlement, finding that petitioner was entitled to

compensation for a SIRVA to petitioner's left arm.

### II.     Items of Compensation

Petitioner has alleged entitlement to the following elements of compensation:  past and

future pain and suffering; past unreimbursed expenses; and, projected unreimbursable expenses.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00, in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/Darryl R. Wishard
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

Dated:  March 5, 2018